IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JAMES L. SAFRANSKY,                       )
                                          )
                Plaintiff,                )    TC-MD 120303N
                                          )
        v.                                )
                                          )
MULTNOMAH COUNTY ASSESSOR,                )
and DEPARTMENT OF REVENUE,                )
State of Oregon,                          )
                                          )
                Defendants.               )    **DECISION**

        This matter is before the court on Defendant's Department of Revenue's (department)

Motion for Summary Judgment (Motion), filed June 22, 2012.  Plaintiff filed his Response to the

department's Motion on July 23, 2012.

        Plaintiff appeals the department's New Application Denial, dated January 24, 2012,[1]

denying Plaintiff's application for certification of property identified as Account R297129

(subject property) in the senior and disabled property tax deferral program (deferral program)

because Plaintiff had "a reverse mortgage on [his] home."  (Ptf's Compl at 2.)  A case

management conference was held in this matter on May 31, 2012, during which the parties

discussed Plaintiff's appeal.  Plaintiff appeared on his own behalf and Kathy Stevens, Operations

and Policy Analyst, appeared on behalf of Defendant.  The parties discussed Plaintiff's appeal

/ / /

/ / /

_____

[1] The department's Answer states that it "issued an Application Denial letter on October 17, 2011 due to the fact that plaintiff did not provide a recertification form at the request of the department to verify he met new criteria of the program."  (Def's Ans at 1.)  In a subsequent telephone conversation with Plaintiff on January 18, 2012, "a department staff person discussed the new criteria with plaintiff.  In this conversation, plaintiff indicated that he had a reverse mortgage.  Based on this information, the department issued a revised Application Denial dated January 24, 2012."  (*Id.*)

DECISION  TC-MD 120303N                                                                        1

and agreed to submit this matter to the court on written arguments. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

The facts in this case are brief and undisputed. Plaintiff "filed a timely application for Senior & Property Tax Deferral on February 3, 2011." (Def's Mot for Summ J at 1.) As a result of 2011 legislation amending requirements for participation in the deferral program, "the department sent a Recertification Application to all existing and new applications to determine if they met the new eligibility requirements to allow deferral of the 2011/12 property taxes." (*Id.*) Plaintiff "declared that his homestead was security for a reverse mortgage." (*Id.*) As a result, "the department denied the application for deferral." (*Id.*)

## II. ANALYSIS

As noted by the department, HB 2543 (2011), created new requirements for participation in the deferral program. Or Laws 2011, ch 723 §§ 1-32. Under ORS 311.700(2),[2] "[a] homestead on which amounts deferred under ORS 311.666 to 311.701 remain outstanding may not be pledged as security for a reverse mortgage by any person." Or Laws 2011, ch 723 § 16. The 2011 amendment to ORS 311.700 by HB 2543 (2011) is effective for "property tax years beginning on or after July 1, 2011." Or Laws 2011, ch 723 § 24. Thus, ORS 311.700 was effective for the 2011-12 tax year.[3]

In 2012, the Oregon legislature passed HB 4039 (2012), again amending the deferral program, including the first tax year for which the 2011 amendment to ORS 311.700 shall take effect. *See* Or Laws 2012, ch 13 § 7. Oregon Laws 2012, chapter 13, section 7(1), states:

---

[2] References to the Oregon Revised Statutes (ORS) are to 2011.

[3] " 'Tax year' or 'fiscal year' means a period of 12 months beginning on July 1." ORS 308.007(1)(c).

"Notwithstanding section 24(1), chapter 723, Oregon Laws 2011, the amendments to ORS 311.700 by section 16, chapter 723, Oregon Laws 2011, apply to property tax years beginning on or after July 1, 2013, for homesteads:

"(a) That were determined, pursuant to chapter 723, Oregon Laws 2011, to be ineligible for deferral under ORS 311.666 to 311.701 solely because the homestead was pledged as security for a reverse mortgage;

"(b) That had been granted deferral under ORS 311.666 to 311.701 at the time of the determination of ineligibility; and

"(c) For which an application for recertification of deferral under ORS 311.666 to 311.701, as required pursuant to chapter 723, Oregon Laws 2011, was submitted on or before February 1, 2012, for the property tax year beginning on July 1, 2011."

Thus, under the 2012 amendment, the 2011 amendment to ORS 311.700 (excluding properties subject to a reverse mortgage from participation in the deferral program) shall not take effect until the 2013-14 tax year for properties "[t]hat had been granted deferral under ORS 311.666 to 311.701 at the time of the determination of ineligibility." Or Laws 2012, ch 13 § 7(1)(c).

Plaintiff argues that he should be granted deferral for the subject property for the 2011-12 tax year as a result of the 2012 amendment to the deferral program because his deferral application for the 2011-12 tax year was denied "solely because the homestead was pledged as security for a reverse mortgage." (Ptf's Resp to Def's Mot for Summ J at 2); Or Laws 2012, ch 13 § 7(1). Although Plaintiff had not been granted deferral "at the time of the determination of ineligibility," he contends that the department should have granted his February 2011 application for deferral because "[a]t the time [he] submitted his application, he was eligible to receive assistance under existing provisions" of the deferral program. (Ptf's Resp to Def's Mot for Summ J at 1); Or Laws 2012, ch 13 § 7(1)(c). Plaintiff maintains that the department denied his February 2011 application because it "delay[ed] processing legitimate applications." (Ptf's Resp to Def's Mot for Summ J at 1.) In essence, Plaintiff argues that the department should have

/ / /

evaluated his application for property tax deferral for the 2011-12 tax year based on the program requirements in effect for the 2010-11 tax year because HB 2543 (2011), amending the deferral program requirements for the 2011-12 tax year, had not yet been signed into law as of the date of Plaintiff's 2011-12 application.

The department disagrees that its notice of denial to Plaintiff was untimely or the result of delay, as Plaintiff contends. (Def's Mot for Summ J at 2.) Under ORS 311.678(1), "[o]n or before December 15 of each year, the [department] shall send a notice to each taxpayer who has claimed deferral of property taxes for the current tax year." The department states that "Plaintiff was notified of denial in September of 2011[,]" thus satisfying ORS 311.678.[4] (*Id.*)

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. Legislative intent is determined first from the text and context of the statute. *PGE*, 317 Or at 611; *State v. Gaines* (*Gaines*), 346 Or 160, 171, 206 P3d 1042 (2009). "[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis." *Gaines*, 346 Or 172; *see also* ORS 174.020(3) ("A court shall give the weight to the legislative history that the court considers appropriate."). Summary judgment "shall" be granted under Tax Court Rule 47 C when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."

/ / /

/ / /

---

[4] In its Answer, department stated that it "issued an Application Denial letter on October 17, 2011* * *." (Def's Ans at 1.) The reason for the discrepancy in the denial notice dates reported by the department in its Answer and in its Motion for Summary Judgment is unclear. The difference is, nevertheless, immaterial because both notice dates are well before the December 15 deadline under ORS 311.678.

The application of Oregon Laws 2012, chapter 13, section 7(1), is limited to property "[t]hat had been granted deferral under ORS 311.666 to 311.701 at the time of the determination of ineligibility." Or Laws 2012, ch 13 § 7(1)(b). Plaintiff filed a new application for property tax deferral for the subject property for the 2011-12 tax year. There is no evidence that Plaintiff had previously been granted property tax deferral for the subject property. Thus, Plaintiff had not been "granted deferral * * * at the time of the determination of ineligibility." Plaintiff argues that he should have been granted property tax deferral for 2011-12 tax year at the time that he submitted the application and that he was denied only a result of impermissible delay by the department. Plaintiff's position is not supported under the law.

ORS 311.678(1) requires the department to send a notice "[o]n or before December 15 of each year * * * [to] each taxpayer who has claimed deferral of property taxes for the current tax year." There is no evidence before the court that the department failed to provide notice as required under ORS 311.678(1) or that the department was required to provide notice to Plaintiff at an earlier date. Moreover, Plaintiff's contention that he would have been granted property tax deferral if the department had reviewed his 2011-12 application at an earlier date is not supported by the plain language of Oregon Laws 2011, chapter 723, section 24(1), which states: "The amendments to ORS * * * 311.700 * * * by sections 1 to 4, 6 to 18 and 20 to 22 of this 2011 Act apply to property tax years beginning on or after July 1, 2011." Or Laws 2011, ch 723 § 24. Thus, the 2011 amendment to ORS 311.700 was applicable to *all* deferral applications for the 2011-12 tax year. There are not two sets of laws applicable to deferral applications for the 2011-12 tax year depending on the time of application and the statutes in effect for the 2010-11 tax year have no bearing on Plaintiff's application for the 2011-12 tax year.

/ / /

### III. CONCLUSION

The department properly denied Plaintiff's new application for property tax deferral for the subject property for the 2011-12 tax year under ORS 311.700(1) and Oregon Laws 2012, chapter 13, section 7. Plaintiff's appeal must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of August 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on August 1, 2012. The Court filed and entered this document on August 1, 2012.*